AUGUST SEPEGA
*vs.*
HANDY & HARMON ET AL.

Superior Court          Fairfield County          File No.66700

MEMORANDUM FILED SEPTEMBER 28, 1943

*Boardman, Stoddard & McCarthy,* of Bridgeport, for the Plaintiff.

*Martin E. Gormley,* of New Haven, for the Defendant.

MUNGER, J. The situation presented is one obviously where Handy & Harmon were permitting a cafeteria in their plant solely for the convenience of their employees. The cafeteria was conducted by the appellant, Moody, on premises belonging to Handy & Harmon which they furnished. The finding is specific that no profit resulted to Handy & Harmon. The meals were sold at moderate cost for the convenience and benefit of the employees. Without this arrangement on the part of Handy & Harmon the employees might have brought their meals to the plant or have taken them in some other way.

I do not see how it can be maintained that this enterprise was "a part or process in the trade or business of the principal employer." I think the situation here is controlled by the decision in *King vs. Palmer,* 129 Conn. 636. In that opinion it is said that the court "in effect have held that the words 'process in the trade or business' included all those operations which entered directly into the successful performance of the commercial function of the principal employer." I do not see how it can be maintained that this enterprise was anything which entered directly into such successful performance.

The court afterward in the opinion says: "On the other hand, where the work in which the employee is engaged does not directly enter into the performance of the commercial

function of the claimed principal employer but only affords facilities for the conduct of his trade or business, we have held that the work is not a 'process' in that trade or business."

This enterprise of the cafeteria, indeed, operated in effect, not as a facility for the conduct of the business of Handy & Harmon but as a facility for the employees and it would seem that the language of the opinion of the quoted case certainly covers the situation in review.

The claimant left the plant and walked to his parked car over a distance which took ten minutes of time. There is nothing to show that the appellant, Moody, even knew that he came to his work in a car or that his injuries could possibly be said to have arisen during the course of his employment and out of it, so far as she herself is concerned. In *Moran vs. New York, New Haven &Hartford Railroad Co.*, 109 Conn. 94, it is said (at p. 97): "The deceased's employment continued until he had passed beyond the premises of his employer. It is the undoubted law of both the Federal court and of our own court that 'in leaving the carrier's yard at the close of his day's work the deceased was but discharging a duty of his employment'." Obviously this language cannot apply to the situation in review. The case of *Procaccino vs. Horton & Sons*, 95 Conn. 408, has been cited. In that case the claimant was injured while on his way to work while he was approaching the plant but the situation was far different from that in the instant case. In that case the court says (at p. 412): "In other words, the use of this method of approach to the plant by this employee was an incidental term of his contract of employment annexed to it by the consent of his employers."

As before stated no fact appears as certified in the evidence to show that the appellant, Moody, had any knowledge whatever of any manner in which the claimant came to his place of employment. His injuries did not happen upon the premises under her control and so far as she herself is concerned it did not arise out of and during his employment.

The finding and award of the Commissioner must be set aside and judgment must be and hereby is rendered for the appellants.